## ROGERS v. ALABAMA.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 407. Submitted January 4, 1904.—Decided January 18, 1904.

A motion to quash an indictment for murder was made on the ground that all colored men had been excluded from the grand jury solely because of their race and color, and because of a certain provision of the state constitution alleged to deny them the franchise in violation of the Fourteenth Amendment. These provisions were set out. The motion, about two octavo pages in length, was stricken from the files by the state court on the ground of prolixity, members of the grand jury not having to have the qualifications of electors.

*Held,* on error, that the reference of the motion to the constitutional requirements concerning electors as one of the motives for the exclusion of the blacks did not warrant such action as would prevent the court from passing on constitutional rights which it was the object of the motion to assert, and that the exclusion of blacks from the grand jury as alleged was contrary to the Fourteenth Amendment of the Constitution of the United States.

The facts are stated in the opinion.

Mr. *Wilford H. Smith* for plaintiff in error:

The motion to quash the indictment, calling the attention of the court to the denial of rights claimed under the Federal Constitution, should not have been struck from the files without giving the plaintiff in error an opportunity to prove the allegations therein contained; and this action of the trial court and its refusal to permit the introduction of any evidence in support of said motion, was error. *Carter* v. *Texas,* 177 U. S. 442. The allegation of the denial of rights under the Fifteenth Amendment strengthened rather than weakened the motion to quash the indictment, and required investigation by the trial court.

The state court was in error in holding that because the statutes of Alabama do not require that jurors shall be qualified

electors that the second ground of the motion to quash was unavailing. It is utterly immaterial what the letter of the law is in this regard, if in fact and in truth those charged with its administration so enforced the law, it was the same as if it had been written in the statutes. *Yick Wo* v. *Hopkins*, 118 U. S. 356.

The motion to quash the indictment was not prolix, but contained essential averments; this court will not be controlled by the decision of the state court as to what form of language shall be used in pleading rights claimed under the Federal Constitution.

The action of the trial court in overruling the several motions of the plaintiff in error to quash the panel of petit jurors and refusing to allow the introduction of any evidence in support of the same was such an error as called for reversal in the Supreme Court of Alabama. *Carter* v. *Texas*, 177 U. S. 442; *Neal* v. *Delaware*, 103 U. S. 370; *Gibson* v. *Mississippi*, 162 U. S. 565.

Admitting for the sake of the argument that a motion to quash the panel of petit jurors on the ground of the denial of rights claimed under the Federal Constitution stands on the same footing with a motion to quash the venire for some trivial irregularity in its drawing, service, or return, the motion did not come too late, because it was made when the first juror was called and sworn to answer questions as to his qualifications, prior to his empanelment to serve as a juror, after said juror had been accepted by the solicitor for the State and tendered the defendant. *Peters* v. *The State*, 100 Alabama, 12; *Ryan* v. *The State*, 100 Alabama, 108; *Thomas* v. *The State*, 94 Alabama, 75.

A motion to quash the panel of petit jurors on the ground of the denial of rights claimed under the Federal Constitution stands on higher and different grounds from a motion to quash the venire for matters of form or irregularity contemplated in the Alabama decisions, and that the motion in this case did not come too late.

Plaintiff in error offered to introduce the testimony showing that jurors were selected from the registration lists, and that. no negroes were selected to serve; that for ten years no negroes were drawn on any jury in that court; that the negroes are in the majority in that county, many of whom are qualified for jury service; that, out of five thousand qualified electors of the negro race in the county, only forty-seven were on the registration lists because they had been excluded from the lists and refused registration under the suffrage provisions of the Constitution of 1901, on account of their race and color, while all white men applying for registration were admitted and entered on such lists; and that, although qualified for jury service, all negroes were excluded from such service on account of their race and color and because not qualified electors enrolled on the registration lists. . *Carter* v. *Texas,* 177 U. S. 442; *Williams* v. *Mississippi,* 170 U. S. 213; *Yick-Wo* v. *Hopkins,* 118 U. S. 356.

The record shows a manifest denial of rights under the Federal Constitution by the authorities of the State, in the face of recent decisions of this court.

*Mr. Massey Wilson,* Attorney General of the State of Alabama, for defendant in error:

· The Supreme Court of Alabama decided that the motion to quash the venire of petit jurors came too late; that it should have been made before the formation of the petit jury had begun; and that not having been made until after the State had been required to pass upon a juror, and had selected such juror, the motion should not have been entertained, regardless of its merits.    12 Ency. Pl. & Pr. 424; *Thomas* v. *State,* 94· Alabama, 74; *Ryan* v. *State,* 100 Alabama, 105, 188, distinguished.

·The motion of the plaintiff in error was in effect a challenge to the array, which should have been made before the selection of the jury was entered upon.    12 Ency. Pl. & Pr. 316; 1 Thompson on Trials, § 113; *Gardiner* v. ·*People,* 6 Park. Cr. Rep. (N. Y. Supreme Ct.) 155, 199.

The question raised on the motion to quash the indictment was disposed of by the Supreme Court of Alabama on the ground of the prolixity of the pleading by which it was presented to the lower court. Section 3286 of the Code of Alabama; *Cotton* v. *Ward*, 45 Alabama, 359; *Davis* v. *Louisville & Nashville Railroad Co.*, 108 Alabama, 660; 20 Ency. Pl. & Pr. 44, 45; 21 Ency. Pl. & Pr. 226.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Supreme Court of Alabama, brought on the ground that the plaintiff in error, one Rogers, has been denied the equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution of the United States. Rogers was indicted for murder and in due time filed a motion to quash the indictment because the jury commissioners appointed to select the grand jury excluded from the list of persons to serve as grand jurors all colored persons, although largely in the majority of the population of the county, and although otherwise qualified to serve as grand jurors, solely on the ground of their race and color and of their having been disfranchised and deprived of all rights as electors in the State of Alabama by the provisions of the new constitution of Alabama. The motion alleged that the grand jury was composed exclusively of persons of the white race, and concluded with a verification. To show the reality of the second reason alleged for the exclusion of blacks from the grand jury list the motion, as a preliminary, alleged that the sections of the new constitution which were before this court in *Giles* v. *Harris*, 189 U. S. 475, were adopted for the purpose and had the effect of disfranchising all the blacks on account of their race and color and previous condition of servitude. On motion of the State this motion to quash was stricken from the files. Rogers excepted, but his exceptions were overruled by the Supreme Court of the State, seemingly on the ground that the prolixity of the motion was sufficient to justify the action of

the court below. The Civil Code of Alabama provides by § 3286, "if any pleading is unnecessarily prolix, irrelevant, or frivolous, it may be stricken out at the costs of the party so pleading, on motion of the adverse party."

We follow the construction impliedly adopted by the Supreme Court of Alabama, and assume that this section was applicable to the motion. We also assume, as said by the court, that the qualifications of the grand jurors are not in law dependent upon the qualifications of electors, and that any invalidity of the conditions attached to the suffrage could not of itself affect the validity of the indictment. But in our opinion that was not the allegation. The allegation was that the conditions said to be invalid worked as a reason and consideration in the minds of the commissioners for excluding blacks from the list. It may be that the allegation was superfluous and would have been hard to prove, but it was not irrelevant, for it stated motives for the exclusion which, however mistaken, if proved tended to show that the blacks were excluded on account of their race, as part of a scheme to keep them from having any part in the administration of the government or of the law. The whole motion takes two pages of the printed record, of the ordinary octavo size. A motion of that length, made for the sole purpose of setting up a constitutional right and distinctly claiming it, cannot be withdrawn for prolixity from the consideration of this court, under the color of local practice, because it contains a statement of matter which perhaps it would have been better to omit but which is relevant to the principal fact averred.

It is a necessary and well settled rule that the exercise of jurisdiction by this court to protect constitutional rights cannot be declined when it is plain that the fair result of a decision is to deny the rights. It is well known that this court will decide for itself whether a contract was made as well as whether the obligation of the contract has been impaired. *Jefferson Branch Bank* v. *Skelly*, 1 Black, 436, 443. But that is merely an illustration of a more general rule. On the same ground

there can be no doubt that if full faith and credit were denied to a judgment rendered in another State upon a suggestion of want of jurisdiction, without evidence to warrant the finding, this court would enforce the constitutional requirement. See *German Savings and Loan Society* v. *Dormitzer, ante,* p. 125. In *Chapman* v. *Goodnow,* 123 U. S. 540, 547, 548, where the parties sought to avoid the obligation of a former decree by new matter, this court said that the effect of what was done was not a Federal question, but proceeded to inquire in terms whether that ground of decision was the real one, or whether it was set up as an evasion and merely to give color to a 're-fusal to allow the bar of the decree. We are of opinion that the Federal question is raised by the record and is properly before us. That question is disposed of by *Carter* v. *Texas,* 177 U. S. 442, and it was error not to apply that. decision. The result of that and the earlier cases may be summed up in the following words of the judgment delivered by Mr. Justice Gray: "Whenever by any action of a State, whether through its legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him, contrary to the Fourteenth Amendment of the Constitution of the United States. *Strauder* v. *West Virginia,* 100 U. S. 303; *Neal* v. *Delaware,* 103 U. S. 370, 397; *Gibson* v. *Mississippi,* 162 U. S. 565." Our judgment upon this point makes it unnecessary to consider a motion to quash the panel of the petit jury for similar reasons, which was disposed of as having been made too late.

*Judgment reversed, and case remanded for further proceedings not inconsistent herewith.*