**INTERNATIONAL UNION OF MINE, MILL & SMELTER WORKERS et al. v. TENNESSEE COPPER CO. et al.**

No. 81.

District Court, E. D. Tennessee, S. D.

Jan. 17, 1940.

J. A. Lipscomb and Edwin Brobston, both of Bessemer, Ala., for plaintiffs.

Edwards & Leatherwood, of Bryson City, N.C., Harry Schaeffer, of Chattanooga, Tenn., William Butt, of Blue Ridge, Ga., and Frantz, McConnell & Seymour, of Knoxville, Tenn., for defendants.

DARR, District Judge.

This action involves a labor dispute. The plaintiffs, labor organizations, and some individual members, seek to enjoin the defendants, the employing company, certain state officials, and an individual

who is an official of the company, from continuing certain alleged wrongs which plaintiffs claim invade their civil and property rights.

All the defendants have filed motions to dismiss the complaint upon several grounds. The several motions and the several grounds will be taken up in what appears to be their logical order.

The defendant Carl Townson, sheriff of Cherokee county, North Carolina, and the defendant Claude Collins, sheriff of Fannin county, Georgia, move to quash the service and dismiss the action against them because service was had outside of this district and in other states.

Each of these defendants was served in the county and state of his residence. The service was by an acknowledgment of service by each defendant. This would make no difference and would stand the same as if the service had been made by a proper officer. The acknowledgment of the service of the summons did not waive the right to raise the question of want of proper service. Camp et al. v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997.

In this kind of case the service provided is under Section 51 of the Judicial Code, 28 U.S.C.A. § 112, and, as pertinent here, the provision is as follows: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

But the plaintiffs contend that there was a continuance had on application of these defendants and that this was an entry of a general appearance in the case. There is nothing in the record or on the minutes to indicate a continuance of this hearing. I recall that there was a postponement of the hearing, as I understood, upon the agreement of counsel. This being the situation, I think the continuance, if any were had, would not affect the rights of these defendants to raise the question.

It is my judgment that the service on each of these defendants outside of this district, and in another state, is void and, therefore, the service is quashed and the complaint dismissed as to these defendants.

The defendant Tennessee Copper Company contends in its motion that it is a corporation organized under the laws of the state of New Jersey and is not an inhabitant or resident of this district or of the State of Tennessee.

I think that jurisdictional grounds alleged in the complaint is not diversity of citizenship, but is upon violation of the Constitution and federal laws. This being true, I think that venue is fixed by that part of Section 51 of the Judicial Code which is again quoted, as follows: "* * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

The authorities are almost uniform in holding that a corporation is an inhabitant of the state which grants its charter. Sufficient to cite: Luckett v. Delpark, Inc., et al., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703; Burnrite Coal Briquette Company v. Riggs, 274 U.S. 208, 211, 47 S.Ct. 578, 71 L.Ed. 1002.

But the authorities hold that a corporation may consent to be sued in states other than the state in which it is incorporated by reason of the manner in which it domesticates in the foreign state. One of these authorities is a very recent case. Neirbo Company et al. v. Bethlehem Shipbuilding Corp., Ltd., 60 S.Ct. 153, 84 L.Ed. —, Supreme Court Opinion, November 22, 1939; In re Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

While these cases were decided on jurisdiction obtained or sought to be obtained by diversity of citizenship, I see no difference in the question of whether or not a corporation is a resident or inhabitant if jurisdiction is sought on other grounds. Seaboard Rice Milling Co. v. Chicago, R. I. & P. R. Co., 270 U.S. 363, 46 S.Ct. 247, 70 L.Ed. 633.

These cases were also based upon the idea of consent by reason of the corporation having designated an agent upon which process could be served as required by the statute of the state in which it domesticated.

In the case at bar, the defendant Tennessee Copper Company did not have a statutory agent and service was had upon a general agent of the corporation in this district. It is contended by this defendant that the Tennessee statute did not require it to have a statutory agent upon which service could be had, and the plaintiffs contend that it is such corporation. I think

this is immaterial as will be shown by the statements following.

This defendant corporation did domesticate in Tennessee under the Tennessee statute. It is doing business in Tennessee and maintains an agency and local officers in this state. When a corporation from a foreign state domesticates under the Tennessee law, it agrees to the following provisions of the Tennessee statute: "When such foreign corporation shall have duly complied with the provisions of the foregoing sections, then it shall be entitled to all the privileges, rights, immunities, and subject to the liabilities of corporations organized and chartered under the laws of this state." Williams' Code, Section 4127.

It results that when this corporation domesticated under Tennessee laws, it consented to be, "subject to the liabilities of corporations organized and chartered under the laws of this state."

This seems to me to be as plain consent to be sued as if the statutory agent had been designated. Certainly this corporation could be sued in the state courts. This would also give consent to be sued in the federal courts in this state. Neirbo Company et al. v. Bethlehem Shipbuilding Corp., Ltd., supra; In re Schollenberger, 96 U.S. 369, 24 L.Ed. 853.

Therefore, I think the service against the Tennessee Copper Company is good and this part of their motion will be overruled.

The contention is made by each of the defendants in their motions to dismiss to the effect that there is no merit in the complaint to justify the relief sought.

The plaintiffs claim that the action of the defendants has violated and will violate certain of their constitutional rights. The complaint sets out that the violation of the rights of the plaintiffs are those contained in the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

The First Amendment has to do, so far as this case is concerned, with the freedom of speech and freedom of the press. But this Amendment is only a restriction upon Congress and does not effect the states or the citizens of the states. That is, it only restrains Congress from doing the things therein set out. Spies v. Illinois, 123 U.S. 131, 8 S.Ct. 21, 22, 31 L.Ed. 80; State of Ohio ex rel. Lloyd v. Dollison, 194 U.S. 445, 24 S.Ct. 703, 48 L.Ed. 1062.

It is true that the fundamental right of freedom of speech and freedom of the press is protected by the Fourteenth Amendment. Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949; Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

Of course there is no charge in the complaint of Congress having infringed this Amendment. Hence, there can be no violation of this Amendment. Such can only be considered in connection with a violation of the Fourteenth Amendment.

The Fourth Amendment has to do with unreasonable searches and seizures. This only applies to the government and governmental agencies. Like the Amendment above referred to it is a governmental regulation. For the reasons above set out, there is no violation of this Amendment charged in the complaint. It is probably true that the fundamental right against unreasonable search and seizure would be protected by the Fourteenth Amendment.

This brings us to the question of whether or not the complaint charges violation of the Fourteenth Amendment, which provides as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

I think the charges in the complaint of unreasonable searches and seizures, the invasion of freedom of speech and the freedom of the press, the unlawful and unwarranted incarcerations, arrests, and failure to allow reasonable bail, would all be fundamental rights protected by this Amendment from state invasion.

The question then is whether the complaint shows that these fundamental rights have been invaded under state authority or color of state authority.

It has been insisted that this state authority is confined to legislative action. This is a mistaken idea. The invasion of

rights guaranteed by the Fourteenth Amendment may be by state action through legislative, executive, judicial, or administrative authority. Carter v. Texas, 177 U.S. 442, 447, 20 S.Ct. 687, 44 L.Ed. 839; Rogers v. Alabama, 192 U.S. 226, 231, 24 S.Ct. 257, 48 L.Ed. 417; Chicago Burlington & Quincy R. Co. v. Chicago, 166 U.S. 226, 233, 234, 17 S.Ct. 581, 41 L.Ed. 979; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527.

The violation of these fundamental rights might be through the action of a sheriff or of a justice of the peace.

As the case now stands we have a charge of a violation of these fundamental rights through the action of a conspiracy between a corporation, an individual who is an officer of the corporation, a sheriff, and a justice of the peace.

It is true that a conspirator is jointly and severally liable for his conduct. But this is individual liability. The test of whether the charges in the complaint violate the plaintiffs rights under the Fourteenth Amendment is based on the action of a conspiracy made by the defendants.

If the sheriff had planned, and performed under the plan, his legal duties in joint action with a justice of the peace, a corporation and an individual, the result of such action would have been illegal as being without state authority. Likewise, such action on the part of the justice of the peace would have been the same.

Then, much more would the action by a conspiracy between the sheriff, the justice of the peace, a corporation and an individual be without state authority or color of state authority. There is no legal authority for these men to jointly represent the state in any capacity.

In all the cases I have found discussing this question, the action has been through state officials. I can not see where the state could act, or could be said to have acted, through a conspiracy of persons who have no sort of statutory authority for joint action.

If a state officer acting under legal authority, or under guise of such authority, violate the fundamental rights guaranteed to a citizen of the United States by the Fourteenth Amendment, then the Amendment is violated. But if there is no authority to act for the state then the Amendment is not violated. Such is the case here.

This being my view, it is my idea that this is individual action and not any conduct of a state or its officers under authority or color of authority. It being individual action, of course there can be no invasion of rights under the Fourteenth Amendment. Virginia v. Rives, 100 U.S. 313, 318, 25 L.Ed. 667; Civil Rights Cases, 109 U.S. 3, 11, 3 S.Ct. 18, 27 L.Ed. 835; Hague v. C. I. O., supra.

This being my view, it is my judgment that the complaint does not set out any violation of the plaintiffs' constitutional rights.

I might here add that the privileges and immunities which Section One of the Fourteenth Amendment secures for "citizens of the United States" only applies to individuals. Therefore, only the individual plaintiffs could be heard on this question of violation of constitutional rights. Hague v. C. I. O., supra, 307 U.S. 514, 59 S.Ct. 954, 83 L.Ed. 1423.

The next question is to consider the charge of the violations of the federal law which provides that it is a criminal offense to conspire to violate the Constitution or any federal law as provided in Section 51 of the Criminal Code, 18 U.S.C.A. section 19.

For the reasons heretofore set out, I see no charges in the complaint of the violation of the Constitution. On an examination of the complaint I see no charge of the violation of a federal statute except the one particularly set out which will be hereinafter discussed. There are charges of violations of the state law. There is no grounds for any relief predicated on a conspiracy to violate Section 51 of the Criminal Code, 18 U.S.C.A. section 19.

It is further charged that there was a conspiracy by the defendants to violate the federal law which makes it an offense to bring in persons from other states for the purpose of breaking strikes, etc., as set out in Title 18, Section 407a of the U.S.C.A.

It is fundamental that there can be no injunction to inhibit a criminal act. An injunction will issue to inhibit a criminal act when that act invades civil or property rights of a citizen. I am at a loss to see where the violation of this law could invade the civil or property rights of

these plaintiffs. It was not the violation of the law that caused the wrongful acts, it was the action of the persons after they came into the state. These persons could have just as well come from within the state and done these acts which violated the rights of the plaintiffs as to have come from without the state. I can see no causal connection between the fact that the persons came from without the state and the violation of the rights of the plaintiffs. For this reason I do not see that the plaintiffs have any grounds for relief based on this allegation.

The plaintiffs make the further charge that as a result of this conspiracy that there was employed a number of deputy sheriffs against the law of the state of Tennessee and that by reason of this their civil and property rights were invaded. This does not seem to be covered under the general charge of the complaint which recited that it was based on a violation of the plaintiffs rights "as guaranteed under the Constitution of the United States in Amendments One, Four, and Fourteen and in Title 18 of Section 51 of the Criminal Code, U.S.C.A., Section 19, and the Criminal Proceedings of the United States, Title 18, U.S.C.A. § 407a." But in any event there could be no relief in a federal court for the unlawful appointment of deputy sheriffs by a state officer. This would seem elemental and fundamental.

While the complaint sets out serious and continued violations of rights of these plaintiffs, yet I can see no allegations upon which the limited jurisdiction of a district court could be had whereby an injunction could be granted in this case. The plaintiffs have remedies under the laws of the State of Tennessee.

Further, my idea is that it is evident that the Congress of the United States felt that in matters of this kind the state and federal courts under the existing laws, did not have sufficient and adequate authority to meet such situations. For these reasons, as I see it, Congress set up the National Labor Relations Board and gave it authority to adjust such controversies as are presented in this complaint. The plaintiffs have appealed to this Board for relief. Doubtless it will assume jurisdiction to settle these difficulties.

From the above, it is apparent that it is not necessary to pass on the other questions raised in the motions.

The motions of the defendants will be sustained in the particulars as above set out and the complaint will be dismissed.

Order accordingly.