Van Voorhis, J. (concurring).
Petitioner-respondent was placed under arrest on a charge of driving while intoxicated and taken to a State Police substation where he was asked to submit to a blood test. Under the statute (Vehicle and Traffic Law, § 71-a, as it then was, now §§ 1192-1194) he could be required to choose whether or not to submit to a test to determine the alcoholic content of his blood, while under arrest if the officer had probable cause to believe him to have been driving while intoxicated. His operation of the vehicle upon the highways of the State is deemed to constitute a consent—not that the blood test be taken, but to being obligated to make a choice whether to take the test or to refuse to take the test. If the driver refuses to take the test the statute provides that his operator’s license shall be revoked.
Under the facts as found by the Appellate Division, this man, after he had been arrested and brought to the substation, asked permission to telephone to his lawyer before deciding whether to submit to the test, but was told that he could not consult *60 with a lawyer before making that decision even by telephone. He thereupon declined to submit to the test in consequence whereof his license has been revoked.
The Appellate Division held that he had a constitutional right to consult with counsel provided that he did so promptly, and that refusal to permit him to do so deprived the Commissioner of Motor Vehicles of power to revoke the license. That was on the theory that he was under arrest on a criminal charge and that due process of law required that he have opportunity to consult counsel, citing People v. Noble (9 N Y 2d 571, 574-575).
The soundness of that reasoning depends upon whether respondent was applying to consult counsel before taking some step in a criminal prosecution (People v. Noble, supra; People v. Di Biasi, 7 N Y 2d 544; People v. Marincic, 2 N Y 2d 181; People v. Banner, 5 N Y 2d 109; People v. Cooper, 307 N. Y. 253; People v. Tomaselli, 7 N Y 2d 350; People v. Silverman, 3 N Y 2d 200; People v. Hamnigan, 7 N Y 2d 317; People v. Spano, 4 N Y 2d 256, revd. 360 U. S. 315; Culombe v. Connecticut, 367 U. S. 568; Hudson v. North Carolina, 363 U. S. 697).
By the same token it seems to me, as it did to the Appellate Division, that it was in violation of due process of law as part of a criminal prosecution to have refused respondent opportunity to telephone to his lawyer. The Appellate Division’s opinion stated that “ an unreasonable delay need not be countenanced. In this case, there is nothing to show that the attorney could not have been reached by telephone promptly. ’ ’ Due process of law is a concept which varies according to the context, but the substance of it is ‘ ‘ ingrained in our national traditions ” and “ Fairness of procedure is ‘ due process in the primary sense.’ Brinkerhoff-Faris Co. v. Hill, 281 U. S. 673, 681.” (Anti-Fascist Committee v. McGrath, 341 U. S. 123,161.) Bearing in mind, as is further said in the case just cited in the concurring opinion by Mr. Justice Frankfurter (p. 162), that due process ‘ is not a technical conception with a fixed content unrelated to time, place and circumstances ”, and representing, as that opinion states, “ a profound attitude of fairness between man and man, and more particularly between the individual and government,” it seems to me clear that the substance of this important but flexible constitutional safeguard required that respondent, having been arrested on a criminal charge, *61 should be afforded opportunity on request to telephone to his lawyer provided that he could have reached him promptly. Manifestly the necessities of the case would not allow a request to consult a lawyer to result in unreasonable delay, as the majority at the Appellate Division stated, nor could it be used as an excuse for escaping the election which the statute enforced upon a person in appellant’s situation. If respondent had been told that he could consult with a lawyer by telephone or otherwise, provided that he did so within half an hour, for example, there would be little room for doubt that due process of law had been met. The Vehicle and Traffic Law provides that to be effective the blood test must be taken within two hours of the time of arrest (§ 1192, subd. 3). Due process does not, in my opinion, require that delay be countenanced so as to render ineffective the beneficent purposes served by requiring such a person to submit to that kind of test. Upon the other hand, fairness of procedure in a criminal prosecution under the concept of due process of law does require (as is held in other cases involving the most serious crimes against society) that suitable opportunity to consult with counsel be granted. Respondent was entitled, if he could have done so promptly, to consult with his lawyer about the bearing which the test might have upon his possible conviction under the criminal charge. He was entitled thus to verify the statement of the officer that he was obliged to submit to such a test or lose his license and also to advise with his lawyer in regard to the regularity of procedure proposed for the taking of the test, and the right on his part, expressly given to him by the same statute, to have a test made of his own in order to verify the correctness of the test to be taken by the People. Driving upon the highways while intoxicated is a serious menace. So are murder, robbery, rape and other felonies where the courts have been sensitive to a high degree in allowing the right to counsel. In fact, that is the ground most frequently adduced in support of writs of error coram nobis. If taking a blood test had not been mentioned, respondent would have had a constitutional right to counsel under the decisions above cited. Is a defendant to be denied that right, subject to reasonable limitations, by being told to take the test? If a defendant can be deprived of the right to counsel when charged with driving while intoxicated, *62 what is to prevent the withholding of that constitutional right in other situations where the intervention of a lawyer might be regarded as contrary to insistent demands of society?
In this instance respondent did not take the test and was acquitted of the criminal charge. Having been acquitted, he is not in position "to complain that he was injured in the criminal action. Therefore, as I view it, the dissenting Justices at the Appellate Division were correct in concluding that the revocation of his license by the Commissioner of Motor Vehicles is to be regarded as though it were done in a civil administrative proceeding. The right to counsel mandated by due process of law is confined to the criminal prosecution which terminated in his favor.
For these reasons I concur in the reversal of the order appealed from and the reinstatement of the determination of the Commissioner of Motor Vehicles revoking respondent’s operator’s license. Whether any constitutional rights of respondent would have been violated if the case were here on appeal from a judgment of conviction of driving while intoxicated, after submitting to a blood test administered without suitable opportunity promptly to. consult with counsel, is not presented by this record.
Chief Judge Desmond and Judges Dye, Fuld, Froessel and Foster concur in a memorandum; Judge Van Voorhis concurs in a separate memorandum in which Judge Burke concurs.
Order reversed and determination of the Commissioner of Motor Vehicles reinstated, without costs.