958

No. 71–486. MONGER *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied, it appearing that judgment of the Supreme Court of Florida rests upon an adequate state ground. 

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE STEWART concur, dissenting.

Petitioner was employed in a newsstand which sold "girlie" magazines. He was charged with the sale of two allegedly obscene magazines—Body Shop and The Erotic Cinema—in violation of Florida's obscenity statute[1] and, on November 3, 1970, the jury returned verdicts of guilty on both counts. On January 12, 1971, the trial court orally pronounced its judgment of guilty and imposed a sentence of either a $1,000 fine or six months' imprisonment on each count, plus costs. That same day, petitioner filed his notice of appeal and a motion for supersedeas. On January 18, the trial court entered its written order *nunc pro tunc* January 12. This order recited that petitioner's notice of appeal was filed after the entry of judgment. Because he was challenging the constitutionality of a state statute, petitioner's appeal was transferred by the District Court of Appeal of Florida, First District, to the Florida Supreme Court.

Respondent then made a motion to dismiss the appeal because "the notice of appeal . . . was filed prior to entry of either judgment or sentence." Respondent's argument was apparently founded upon the fact that the notice of appeal was filed after the oral entry of judgment but before the written *nunc pro tunc* order. In a

---

[1] Fla. Stat. Ann. § 847.011. This statute was held unconstitutional by a three-judge district court, *Meyer* v. *Austin,* 319 F. Supp. 457, and an appeal from that judgment is presently pending before this Court, No. 70–35, *Austin* v. *Meyer.*

4–3 decision, the Florida Supreme Court dismissed the appeal. Justice Ervin dissented, saying:

"I think it altogther *too technical* to refuse to give credence to notices of appeals filed ante to judgments or sentences being reduced to writing and placed in a minute or judgment book after they have been pronounced in open court and reflected in the minutes. A person convicted should not be delayed in taking an appeal or commencing service of sentence. A notice of appeal is not necessarily invalid because it antedates a written judgment. It picks up when the judgment is entered unless the state can show some prejudice by early filing of the notice, which it can't in this case."

Petitioner now contends that it is a denial of due process to dismiss a criminal defendant's only appeal for failing to meet a procedural technicality where the failure does not prejudice the State.[2] Alternatively, petitioner argues that the basis of the dismissal by the Florida Supreme Court was not an adequate and independent state ground which would bar this Court's review of his First Amendment claims. Respondent answers that the State's rules of appellate procedure are necessary "to avoid chaotic and haphazard appellate proceedings" and thus comport with the requirements of procedural due process. In any event, argues respondent, the judgment below rests upon an adequate state ground and thus is not within our certiorari jurisdiction. 28 U. S. C. § 1257 (3).

The Federal Constitution contains no requirement that a State provide appellate courts or even that there be a right to appellate review. *Griffin* v. *Illinois*, 351 U. S.

---

[2] Petitioner argues that the notice of appeal was filed January 12 in order to prevent the trial court from increasing the sentence it had imposed orally.

12, 18; *McKane* v. *Durston,* 153 U. S. 684, 687–688. This is not to say, however, that once appellate review has been provided a State may deny it arbitrarily or capriciously without violating the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *Douglas* v. *California,* 372 U. S. 353; *Burns* v. *Ohio,* 360 U. S. 252; *Griffin* v. *Illinois, supra.* A substantial constitutional question is presented, therefore, when federal rights secured by the First Amendment are rejected on the basis of procedural technicalities such as the one involved here. See *Daniels* v. *Allen,* 344 U. S. 443, 557–558 (Frankfurter, J., dissenting); *Brinkerhoff-Faris Co.* v. *Hill,* 281 U. S. 673, 682; *Rogers* v. *Alabama,* 192 U. S. 226, 230–231; Hill, The Inadequate State Ground, 65 Col. L. Rev. 941, 959–962 (1965).

In my view, the basis of the dismissal in the Supreme Court of Florida is not an adequate and independent state ground sufficient to bar this Court's review of petitioner's First Amendment claims. "Whatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice. . . . [I]t is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way." *Davis* v. *Wechsler,* 263 U. S. 22, 24–25. Thus, the rule that this Court will not review decisions founded upon state grounds is subject to exception so that federal claims may properly be vindicated.

In *Rogers* v. *Alabama, supra,* for example, the state court had stricken from the record a motion on the ground that it was "prolix," but we nonetheless reached the federal question raised in that motion. We have similarly reached federal questions which had been avoided by state courts on the ground that the improper remedy had been used, *NAACP* v. *Alabama,* 357 U. S.

449; that the argument advanced had been too indefinite or was improperly presented for consideration by the state court, *Barr* v. *City of Columbia,* 378 U. S. 146; *NAACP* v. *Alabama,* 377 U. S. 288, 293–302; *Staub* v. *City of Baxley,* 355 U. S. 313, 318–320; *Lovell* v. *Griffin,* 303 U. S. 444, 449–450; that the state appellate court lacked jurisdiction because the appellant had failed to give opposing counsel the requisite opportunity to examine and correct the transcript, *Sullivan* v. *Little Hunting Park,* 396 U. S. 229; that a criminal defendant had not made timely objection to the admission of evidence, *Henry* v. *Mississippi,* 379 U. S. 443; or that the required certification of the state appeal had not been obtained, *Parrot* v. *Tallahassee,* 381 U. S. 129. See also R. Stern & E. Gressman, Supreme Court Practice 131–142 (4th ed. 1969); Hill, *supra;* Note, 74 Harv. L. Rev. 1375 (1961); Note, 62 Col. L. Rev. 822 (1962). In *Henry* v. *Mississippi, supra,* at 446–447, we summarized the effect of procedural irregularities in state proceedings upon the scope of this Court's review:

> "It is, of course, a familiar principle that this Court will decline to review state court judgments which rest on independent and adequate state grounds, even where those judgments also decide federal questions. The principle applies not only in cases involving state substantive grounds, but also in cases involving state procedural grounds. But it is important to distinguish between state substantive grounds and state procedural grounds. Where the ground involved is substantive, the determination of the federal question cannot affect the disposition if the state court decision on the state law question is allowed to stand. Under the view taken in *Murdock* [20 Wall. 590] of the statutes conferring appellate jurisdiction on this Court, we have no power to revise judgments on questions of

state law. Thus, the adequate nonfederal ground doctrine is necessary to avoid advisory opinions.

"These justifications have no application where the state ground is purely procedural. A procedural default which is held to bar challenge to a conviction in state courts, even on federal constitutional grounds, prevents implementation of the federal right. Accordingly, we have consistently held that the question of when and how defaults in compliance with state procedural rules can preclude our consideration of a federal question is itself a federal question." (Citations omitted.)

We then concluded "that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest. In every case we must inquire whether the enforcement of a procedural forfeiture serves such a state interest. If it does not, the state procedural rule ought not be permitted to bar vindication of important federal rights." *Id.*, at 447–448.

I assume that Florida has a legitimate interest in foreclosing interlocutory appeals in order to avoid piecemeal litigation of criminal cases. That assumption, however, does not dispose of the present case because *Henry* requires that "every case" be considered on its own facts. Here, I can fathom no state interest which would be served by rejecting a notice of appeal filed after an oral pronouncement of judgment but before a written order. This is not a case where the orderly progress of the trial was disrupted by a dilatory interlocutory appeal or where an appeal was sought before some vital aspect of the trial was completed. Nor is this a case where the record on appeal was missing some formal document or pleading. Indeed, tellingly absent from the order of the Supreme Court of Florida

and the brief of the respondent is the assertion of any state interest which would have been served had the trial court's January 12 order been written instead of oral or had the petitioner waited until January 18 to file his formal notice of appeal. Under such circumstances, *Henry* v. *Mississippi* teaches that we are free to consider petitioner's federal claims.

I would grant the petition for a writ of certiorari and reverse and remand on *Redrup* v. *New York,* 386 U. S. 767.