**TRINITY BROADCASTING CORPORATION, Plaintiff–Appellant,**

**v.**

**Lee R. ELLER; Leeco Oil, an Oklahoma corporation, Defendants,**

**Reece Morrel, Donald Herrold; and J. Charles Shelton, Defendants–Appellees.**

**No. 86–2118.**

United States Court of Appeals, Tenth Circuit.

Dec. 9, 1987.

Clark O. Brewster and Michael F. Kuzow of Brewster Shallcross Rizley & Mullon, Tulsa, Okl., for plaintiff-appellant.

James C. Lang, Brian S. Gaskill, Melinda J. Martin and Kirsten I. Bernhardt of Sneed, Lang, Adams, Hamilton & Barnett, Tulsa, Okl., for defendants-appellees.

Before LOGAN and TACHA, Circuit Judges, and O'CONNOR, District Judge.[*]

LOGAN, Circuit Judge.

Defendants-appellees Reece Morrel, Donald Herrold and J. Charles Shelton have petitioned for rehearing, with suggestion for rehearing en banc, of our decision in *Trinity Broadcasting Corporation v. Eller*, 827 F.2d 673 (10th Cir.1987) (*Trinity I*). We there ruled that when independently filed actions have been consolidated for trial, an order of summary judgment disposing of one, but not all, of the claims or suits is not appealable unless and until the district court has certified the order as final pursuant to Fed.R.Civ.P. 54(b). In so holding we followed one among several conflicting interpretations of other circuits on the same issue. *See* 827 F.2d at 675. To avoid an unfairly harsh application, we declined to apply the rule retroactively to bar plaintiff-appellant Trinity Broadcasting Corporation's appeal. Instead, we held that "the district court's entry of summary judgment against plaintiff in the instant case will be considered final on the date it was entered." *Id.* We therefore found appellate jurisdiction and ordered the appeal to proceed.

Appellees urge us to reconsider that decision. They contend that our decision to hear the appeal would broaden the congressional grant of jurisdiction over appeals from the final decisions of district courts, 28 U.S.C. § 1291, and would contravene the notion of limited jurisdiction in the inferior federal courts embodied in Article III of the United States Constitution.

Appellees' argument relies principally upon language in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). There, the Eighth Circuit had held that the denial of a motion to disqualify counsel did not constitute a final decision for purposes of 28 U.S.C. § 1291, but that the equities of the case—primarily that the holding overruled clear precedent—required a prospective application only. *In re Multi–Piece Rim Products Liability Litigation*, 612 F.2d 377, 379 (8th Cir.1980) (en banc), *rev'd sub nom. Firestone, supra.* In reversing, the Supreme Court stated:

"[The Circuit's] approach, however, overlooks the fact that the finality requirement embodied in § 1291 is jurisdictional in nature. If the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over. *A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only.*"

*Firestone*, 449 U.S. at 379, 101 S.Ct. at 676 (emphasis added). We make a two-part response to the appellees' argument.

I

First, we cannot accept the absolute language of *Firestone* as applicable to all rulings concerning jurisdiction. In a post-*Firestone* opinion, *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Supreme Court considered equitable factors in determining whether to apply prospectively a holding that Congress had vested jurisdiction in bankruptcy courts in violation of Article III. *Id.* at 87–88, 102 S.Ct. at 2880 (plurality opinion; *see also* concurring opinion of Rehnquist,

* The Honorable Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

J., *id.* at 92, 102 S.Ct. at 2882).[1] Marathon did not mention *Firestone.* The critical distinguishing factor between the two cases might be the factual settings. In *Firestone* the Court's decision did not foreclose appeal, but merely delayed it until the lower court's disposition of the entire case, as the Supreme Court itself emphasized. 449 U.S. at 377–78, 101 S.Ct. at 675–76. The Court in *Marathon,* when faced with more compelling facts, retreated from an absolute prohibition against prospective jurisdictional holdings.

■ *Marathon* implicitly recognizes a staple of Article III interpretation: Article III's jurisdictional limitation must be construed in light of all the competing constitutional and prudential values in a case. *Marathon* found the interests of congressional intent and judicial administration to have temporarily coequal status with subject matter jurisdiction. *See also Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 376–77, 60 S.Ct. 317, 319–20, 84 L.Ed. 329 (1940) (need for finality bars collateral attack on erroneous jurisdictional ruling of federal court). The case before us invokes the litigant's interest in fair notice of rules which affect the conduct of a lawsuit—an interest which is protected by the Due Process Clause if a lack of notice deprives a party of its day in court. *Brinkerhoff–Faris Trust & Savings Co. v. Hill,* 281 U.S. 673, 679–80, 50 S.Ct. 451, 453–54, 74 L.Ed. 1107 (1930).

*Marathon* looks to *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971), for a mechanism to balance jurisdictional consistency with competing values. *Chevron* sets forth

"three considerations recognized by our precedents as properly bearing upon the issue of retroactivity. They are, first, whether the holding in question 'decid[ed] an issue of first impression whose resolution was not clearly foreshadowed' by earlier cases; second, 'whether retrospective operation will further or retard [the] operation' of the holding in question; and third, whether retroactive application 'could produce substantial inequitable results' in individual cases."

*Marathon,* 458 U.S. at 88, 102 S.Ct. at 2880 (citations omitted). These considerations justify the nonretroactive application of our ruling in *Trinity I.* First, the finality of partial summary judgment in consolidated cases arose in *Trinity I* as an issue of first impression in this circuit. Our holding was not clearly foreshadowed, insofar as the majority of circuits which had faced the issue had reached a result more sympathetic to an appellant than our holding. *See Trinity I,* 827 F.2d at 675 (discussing precedent from other circuits). Second, a retroactive holding which bars the appeal would defeat one of the primary purposes of the federal rules of civil and appellate procedure: the orderly presentation of appeals in an environment free of procedural complexity, confusion, and surprise. Finally, that appellant would lose its appeal forever [2] satisfies, by itself, *Huson's* objective to avoid "substantial inequitable results."

## II

■ Appellees' argument also erroneously assumes that the courts have no discretion in determining "finality" for purposes of appellate jurisdiction. The law is to the contrary, particularly in the context of review during litigation that is ongoing. For instance, the district court, by its certification process pursuant to Fed.R.Civ.P. 54(b), can choose in a given case to create a "final" order which we must accept for review. Conversely, the district court may delay review of that order until the entire controversy is decided, by denying Rule 54(b) certification. Rule 54(b) assigns to

---

1. In fact, the Supreme Court decided *Marathon* in June but delayed the application of its jurisdictional holding until October. Thus, the Court not only gave its ruling a nonretroactive effect but also delayed the prospective effect.

2. Trinity did not file a second notice of appeal following the district court's Rule 54(b) certification. If we treat the Rule 54(b) certification as making the judgment "final" within the meaning of 28 U.S.C. § 1291, the ten-day period for filing notices of appeal having expired, *see* Fed.R.App.P. 4(a)(1), Trinity will have lost its right to appeal unless we uphold the validity of the first notice of appeal.

the district court the duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950).

The courts of appeal likewise enjoy the power to establish and apply flexible rules of finality. Such power is exemplified by three decisions cited in *Trinity I*, in which other circuits contemplated the finality of partial summary judgment orders in consolidated cases. *Ivanov–McPhee v. Washington National Insurance Co.*, 719 F.2d 927, 930 (7th Cir.1983); *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir.1982); *Jones v. Den Norske Amerikalinje A/S*, 451 F.2d 985, 986–87 (3d Cir.1971). All three of these circuits decided that the finality of such orders must be determined on a case-by-case basis, taking into account the nature of the consolidation and the relationship of the consolidated actions. Thus, these three circuits have reserved for themselves the type of discretionary power over finality determinations which we, in *Trinity I*, ceded prospectively to the district courts to be exercised pursuant to Rule 54(b) certification.

■ We have no doubt of the legality of the Third, Fifth and Seventh Circuits' approach. The need for a flexible interpretation of § 1291's rule of finality was recognized in *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed. 2d 199 (1964), in which the Supreme Court held that the "requirement of finality is to be given a 'practical rather than a technical construction.' " *Id.* at 152, 85 S.Ct. at 311 (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)). This is not to say that these other circuits' decisions are the wisest approach; in *Trinity I* we decided that for reasons of judicial economy, determinations of finality in these cases should remain the sole province of district courts. But *Trinity I* was a prudential holding, not mandated by precedent in the Supreme Court or our circuit, by statute, or by the Constitution. From this recognition flows a fair rebuttal to appellees' argument: Because, like the other circuits, we could have exercised on an ongoing basis the power to determine the finality of a grant of summary judgment in one of multiple consolidated cases, we can exercise such power on a one-time basis before permanently assigning such power to the district courts on an exclusive basis.

■ Far from being "jurisdictional" and subject to Article III limitations, the decision whether to hear the appeal in the circumstances before us is for this court to determine subject only to the overriding authority of the Supreme Court or Congress. Thus, we do not see our ruling as an unlawful usurpation of Congress' control over the jurisdiction of inferior federal courts as expressed in 28 U.S.C. § 1291. *Cf. Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir.1987) (giving prospective-only effect to new practice of dismissing untimely appeals when no motion for extension of time has been filed under Fed.R.App.P. 4(a)). Rather, we are exercising a prudential and constitutional measure of discretion over the retroactive impact of our new holding, so that technical barriers will not deprive appellant of its appeal. We adhere to our decision in *Trinity I*.

The petition for rehearing is DENIED by the panel to whom the case was argued and submitted. Because no member of the panel nor judge in regular active service on the court has requested that the court be polled on rehearing en banc, *see* Fed.R.App. P. 35(b), the suggestion for rehearing en banc is DENIED.