## DOWNHAM v. ALEXANDRIA.

1. The act of the Virginia legislature of February 27th, 1867, by which it was enacted that appeals to the Supreme Court of Appeals of the State from the State District Courts should not be allowed when these last fully affirmed the judgments of the County Courts, unless the matter in controversy exceeded $1000, is not inconsistent with the provision in the Constitution of 1864, which excluded appeals from the said District Courts to the Supreme Court, except in certain cases specified, unless the matter in controversy amounted to $500.
2. Where the State court in which a judgment in a suit is given is the highest court of law or equity in the State in which a decision in that suit can be had, a right of review exists here under the 25th section of the Judiciary Act (if the case be otherwise one for review here under that section), although that court may not be actually the highest court of law or equity in the State.

ON motion to dismiss.   The case was this:

The city of Alexandria, in Virginia, on a suit brought by it, in one of the county courts of the State, against a certain Downham, a dealer in liquors, had obtained a judgment for *two* hundred dollars; the amount of a tax imposed by the city on dealers of his class.   Downham took the case by appeal to the Fourth Judicial District Court of the State, in which the judgment of the county court was "wholly affirmed."   He then brought the case from *that* court directly here, conceiving that he had a right so to bring it here, under the 25th section of the Judiciary Act, which gives a writ of error from this court (in a certain class of cases within which the present suit was assumed to come), when a judgment has been given in the highest court of law or equity of the State "in which a decision in the suit can be had."

There was confessedly a higher court of law and equity in the State than the court last-named, to wit, the Supreme Court of Appeals; but Downham did not take the case to *it;* assuming that by the constitution and laws of Virginia he could not properly do so; and that being thus unable to take it there, he had a right to come directly from the inferior court.

The questions, therefore, were:

1. The chief one — whether under the constitution and laws of Virginia he was correct in assuming that he had no right to go to a higher court than that of the Fourth Judicial District? And if he was correct in this,

2. The question — one not much disputed — whether he could bring the case here from it, there being a higher court of law and equity in the State?

At the time when the writ of error was allowed and issued, and service of citation acknowledged, the constitution in force in Virginia was that of 1864. That constitution excluded from the appellate jurisdiction, in civil cases, of the Supreme Court of Appeals, all suits where the matter in controversy, exclusive of costs, was less than *five* hundred dollars, except certain specified controversies, among which were distinctly mentioned controversies concerning the right of a corporation to levy tolls or taxes. The case before the court being a controversy concerning the right of the corporation of Alexandria to impose and collect a tax upon plaintiffs in error, and, therefore, a controversy within the very terms of the exception, might have been taken to the Supreme Court of Appeals if nothing else had interposed. An act of the legislature of Virginia, however, passed February 27th, 1867, provided that no appeal to the Supreme Court should be allowed in any case from a judgment of the District Court wholly affirming the judgment of the Circuit Court, and where the matter in controversy did not exceed *one thousand dollars.*

*Mr. D. L. Smoot, in support of the motion to dismiss,* contended that the act in question was unconstitutional. *Messrs. G. W. Brent and C. W. Wattles, contra.*

The CHIEF JUSTICE delivered the opinion of the court

The act of February, 1867, extends the limitation upon appeals to all cases where original judgments of the Circuit Court are fully sustained by the judgment of the District Court, and where the amount in controversy does not exceed

the legislative limit. And the case before us, though not excluded from the appellate jurisdiction of the Court of Appeals by the Constitution, seems to be excluded by this act. The only question, then, is whether this act of the legislature is in conflict with the constitution of the State. And we perceive no conflict. The legislature, then, having thought fit to make the judgment of the District Court in this case final and without appeal, that court is, for this case, the highest court in which the decision could be made; and the writ of error is, therefore, warranted by the act of Congress, and regular. Motion to dismiss must be

DENIED.