## GROVEY *v.* TOWNSEND.

No. 563.   Argued March 11, 1935.—Decided April 1, 1935.

46

*Mr. J. Alston Atkins,* with whom *Mr. Carter W. Wesley* was on the brief, for petitioner.

No appearance for respondent.

Mr. Justice Roberts delivered the opinion of the Court.

The petitioner, by complaint filed in the Justice Court of Harris County, Texas, alleged that although he is a citizen of the United States and of the State and County, and a member of and believer in the tenets of the Democratic party, the respondent, the county clerk, a state officer, having as such only public functions to perform, refused him a ballot for a Democratic party primary election, because he is of the negro race. He demanded ten dollars damages. The pleading quotes articles of the Revised Civil Statutes of Texas which require the nomination of candidates at primary elections by any organized political party whose nominees received one hundred thousand votes or more at the preceding general election, and recites that agreeably to these enactments a Democratic primary election was held on July 28, 1934, at which petitioner had the right to vote. Referring to statutes

which regulate absentee voting at primary elections, the complaint states the petitioner expected to be absent from the county on the date of the primary election, and demanded of the respondent an absentee ballot, which was refused him in virtue of a resolution of the state Democratic convention of Texas, adopted May 24, 1932, which is:

"Be it resolved, that all white citizens of the State of Texas who are qualified to vote under the Constitution and laws of the state shall be eligible to membership in the Democratic party and as such entitled to participate in its deliberations."

The complaint charges that the respondent acted without legal excuse and his wrongful and unlawful acts constituted a violation of the Fourteenth and Fifteenth Amendments of the Federal Constitution.

A demurrer, assigning as reasons that the complaint was insufficient in law and stated no cause of action, was sustained; and a motion for a new trial, reasserting violation of the federal rights mentioned in the complaint, was overruled. We granted certiorari,[1] because of the importance of the federal question presented, which has not been determined by this court.[2] Our jurisdiction is clear, as the Justice Court is the highest state court in which a decision may be had,[3] and the validity of the constitution and statutes of the state was drawn in question on the ground of their being repugnant to the Constitution of the United States.[4]

[1] 294 U. S. 699.

[2] Rule 38, 5 (a).

[3] *Downham* v. *Alexandria*, 9 Wall. 659; *Tinsley* v. *Anderson*, 171 U. S. 101. Constitution of Texas, Article V, §§ 3, 6, 8, 16 and 19. Revised Civil Statutes of Texas of 1925, Articles 1906–1911, 2385–2387, 2454, 2460. *Gulf, C. & S. F. Ry. Co.* v. *Rawlins*, 80 Tex. 579; *Hudson* v. *Smith*, 63 Tex. Civ. App. 412; 133 S. W. 486; *Arrington* v. *People's Supply Co.*, 52 S. W. (2d) 678.

[4] U. S. C. Tit. 28, § 344 (b).

48

The charge is that respondent, a state officer, in refusing to furnish petitioner a ballot, obeyed the law of Texas, and the consequent denial of petitioner's right to vote in the primary election because of his race and color was state action forbidden by the Federal Constitution; and it is claimed that former decisions require us so to hold. The cited cases are, however, not in point. In *Nixon* v. *Herndon*, 273 U. S. 536, a statute which enacted that " in no event shall a negro be eligible to participate in a Democratic party primary election held in the State of Texas," was pronounced offensive to the Fourteenth Amendment. In *Nixon* v. *Condon*, 286 U. S. 73, a statute was drawn in question which provided that " every political party in this State through its State Executive Committee shall have the power to prescribe the qualifications of its own members and shall in its own way determine who shall be qualified to vote or otherwise participate in such political party." We held this was a delegation of state power to the state executive committee and made its determination conclusive irrespective of any expression of the party's will by its convention, and therefore the committee's action barring negroes from the party primaries was state action prohibited by the Fourteenth Amendment. Here the qualifications of citizens to participate in party counsels and to vote at party primaries have been declared by the representatives of the party in convention assembled, and this action upon its face is not state action. The question whether under the constitution and laws of Texas such a declaration as to party membership amounts to state action was expressly reserved in *Nixon* v. *Condon, supra,* pp. 84–85. Petitioner insists that for various reasons the resolution of the state convention limiting membership in the Democratic party in Texas to white voters does not relieve the exclusion of negroes from participation in Democratic primary elections of its true nature as the act of the state.

*First.* An argument pressed upon us in *Nixon* v. *Condon, supra,* which we found it unnecessary to consider, is again presented. It is that the primary election was held under statutory compulsion; is wholly statutory in origin and incidents; those charged with its management have been deprived by statute and judicial decision of all power to establish qualifications for participation therein inconsistent with those laid down by the laws of the state, save only that the managers of such elections have been given the power to deny negroes the vote. It is further urged that while the election is designated that of the Democratic party, the statutes not only require this method of selecting party nominees, but define the powers and duties of the party's representatives, and of those who are to conduct the election, so completely, and make them so thoroughly officers of the state, that any action taken by them in connection with the qualifications of members of the party is in fact state action and not party action.

In support of this view petitioner refers to Title 50 of the Revised Civil Statutes of Texas of 1925,[5] which by Article 3101 requires that any party whose members cast more than one hundred thousand ballots at the previous election, shall nominate candidates through primaries, and fixes the date at which they are to be held; by Article 2939 requires primary election officials to be qualified voters; by Article 2955 declares the same qualifications for voting in such an election as in the general elections; by Article 2956 permits absentee voting as in a general election; by Article 2978 requires that only an official ballot shall be used, as in a general election; by Articles 2980–2981 specifies the form of ballot and how it shall be marked, as other sections do for general elections; by Article 2984 fixes the number of ballots to be provided, as another article does

---

[5] Vernon's Annotated Revised Civil and Criminal Stautes, Vol. 9, p. 3ff; *id.,* January 1935 Cumulative Supplement, pp. 117, 118.

for general elections; by Articles 2986, 2987 and 2990 permits the use of voting booths, guard rails, and ballot boxes which by other statutes are provided for general elections; by Articles 2998 and 3104 requires the officials of primary elections to take the same oath as officials at the general elections; by Article 3002 defines the powers of judges at primary elections; by Articles 3003–3025 provides elaborately for the purity of the ballot box; by Article 3028 commands that the sealed ballot boxes be delivered to the county clerk after the election, as is provided by another article for the general election; and by Article 3041 confers jurisdiction of election contests upon district courts, as is done by another article with respect to general elections. A perusal of these provisions, so it is said, will convince that the state has prescribed and regulated party primaries as fully as general elections, and has made those who manage the primaries state officers subject to state direction and control.

While it is true that Texas has by its laws elaborately provided for the expression of party preference as to nominees, has required that preference to be expressed in a certain form of voting, and has attempted in minute detail to protect the suffrage of the members of the organization against fraud, it is equally true that the primary is a party primary; the expenses of it are not borne by the state, but by members of the party seeking nomination (Arts. 3108; 3116); the ballots are furnished not by the state, but by the agencies of the party (Arts. 3109; 3119); the votes are counted and the returns made by instrumentalities created by the party (Arts. 3123; 3124–5; 3127); and the state recognizes the state convention as the organ of the party for the declaration of principles and the formulation of policies (Arts. 3136; 3139).

We are told that in *Love* v. *Wilcox*, 119 Tex. 256; 28 S. W. (2d) 515, the Supreme Court of Texas held the state was within its province in prohibiting a party from

establishing past party affiliations or membership in non-political organizations as qualifications or tests for participation in primary elections, and in consequence issued its writ of mandamus against the members of the state executive committee of the Democratic party on the ground that they were public functionaries fulfilling duties imposed on them by law. But in that case it was said (p. 272):

" We are not called upon to determine whether a political party has power, beyond statutory control, to prescribe what persons shall participate as voters or candidates in its conventions or primaries. We have no such state of facts before us."

After referring to Article 3107, which limits the power of the state executive committee of a party to determine who shall be qualified to vote at primary elections, the court said:

" The Committee's discretionary power is further restricted by the statute directing that a single, uniform pledge be required of the primary participants. The effect of the statutes is to decline to give recognition to the lodgment of power in a State Executive Committee, to be exercised at its discretion."

Although it did not pass upon the constitutionality of § 3107, as we did in *Nixon* v. *Condon, supra,* the Court thus recognized the fact upon which our decision turned, that the effort was to vest in the state executive committee the power to bind the party by its decision as to who might be admitted to membership.

In *Bell* v. *Hill,* 74 S. W. (2d) 113, the same court, in a mandamus proceeding instituted after the adoption by the state convention of the resolution of May 24, 1932, restricting eligibility for membership in the Democratic party to white persons, held the resolution valid and effective. After a full consideration of the nature of political parties in the United States, the court concluded that

such parties in the state of Texas arise from the exercise of the free will and liberty of the citizens composing them; that they are voluntary associations for political action, and are not the creatures of the state; and further decided that §§ 2 and 27 of Article 1 of the State Constitution guaranteed to citizens the liberty of forming political associations, and the only limitation upon this right to be found in that instrument is the clause which requires the maintenance of a republican form of government. The statutes regulating the nomination of candidates by primaries were related by the court to the police power, but were held not to extend to the denial of the right of citizens to form a political party and to determine who might associate with them as members thereof. The court declared that a proper view of the election laws of Texas, and their history, required the conclusion that the Democratic party in that state is a voluntary political association and, by its representatives assembled in convention, has the power to determine who shall be eligible for membership and, as such, eligible to participate in the party's primaries.

We cannot, as petitioner urges, give weight to earlier expressions of the state courts said to be inconsistent with this declaration of the law. The Supreme Court of the state has decided, in a case definitely involving the point, that the legislature of Texas has not essayed to interfere, and indeed may not interfere, with the constitutional liberty of citizens to organize a party and to determine the qualifications of its members. If in the past the legislature has attempted to infringe that right and such infringement has not been gainsaid by the courts, the fact constitutes no reason for our disregarding the considered decision of the state's highest court. The legislative assembly of the state, so far as we are advised, has never attempted to prescribe or to limit the membership of a

political party, and it is now settled that it has no power so to do. The state, as its highest tribunal holds, though it has guaranteed the liberty to organize political parties, may legislate for their governance when formed and for the method whereby they may nominate candidates, but must do so with full recognition of the right of the party to exist, to define its membership, and to adopt such policies as to it shall seem wise. In the light of the principles so announced, we are unable to characterize the managers of the primary election as state officers in such sense that any action taken by them in obedience to the mandate of the state convention respecting eligibility to participate in the organization's deliberations, is state action.

*Second.* We are told that §§ 2 and 27 of the Bill of Rights of the Constitution of Texas as construed in *Bell* v. *Hill, supra,* violate the Federal Constitution, for the reason that so construed they fail to forbid a classification based upon race and color, whereas in *Love* v. *Wilcox, supra,* they were not held to forbid classifications based upon party affiliations and membership or non-membership in organizations other than political parties, which classifications were by Article 3107 of Revised Civil Statutes, 1925, prohibited. But, as above said, in *Love* v. *Wilcox* the court did not construe or apply any constitutional provision and expressly reserved the question as to the power of a party in convention assembled to specify the qualifications for membership therein.

*Third.* An alternative contention of petitioner is that the state Democratic convention which adopted the resolution here involved was a mere creature of the state and could not lawfully do what the Federal Constitution prohibits to its creator. The argument is based upon the fact that Article 3167 of the Revised Civil Statutes of Texas, 1925, requires a political party desiring to elect

delegates to a national convention, to hold a state convention on the fourth Tuesday of May, 1928, and every four years thereafter; and provides for the election of delegates to that convention at primary conventions, the procedure of which is regulated by law. In *Bell* v. *Hill, supra,* the Supreme Court of Texas held that Article 3167 does not prohibit declarations of policy by a state Democratic convention called for the purpose of electing delegates to a national convention. While it may be, as petitioner contends, that we are not bound by the state court's decision on the point, it is entitled to the highest respect, and petitioner points to nothing which in any wise impugns its accuracy. If, as seems to be conceded, the Democratic party in Texas held conventions many years before the adoption of Article 3167, nothing is shown to indicate that the regulation of the method of choosing delegates or fixing the times of their meetings, was intended to take away the plenary power of conventions in respect of matters as to which they would normally announce the party's will. Compare *Nixon* v. *Condon, supra,* 84. We are not prepared to hold that in Texas the state convention of a party has become a mere instrumentality or agency for expressing the voice or will of the state.

*Fourth.* The complaint states that candidates for the offices of Senator and Representative in Congress were to be nominated at the primary election of July 9, 1934, and that in Texas nomination by the Democratic party is equivalent to election. These facts (the truth of which the demurrer assumes) the petitioner insists, without more, make out a forbidden discrimination. A similar situation may exist in other states where one or another party includes a great majority of the qualified electors. The argument is that as a negro may not be denied a

ballot at a general election on account of his race or color, if exclusion from the primary renders his vote at the general election insignificant and useless, the result is to deny him the suffrage altogether. So to say is to confuse the privilege of membership in a party with the right to vote for one who is to hold a public office. With the former the state need have no concern, with the latter it is bound to concern itself, for the general election is a function of the state government and discrimination by the state as respects participation by negroes on account of their race or color is prohibited by the Federal Constitution.

*Fifth.* The complaint charges that the Democratic party has never declared a purpose to exclude negroes. The premise upon which this conclusion rests is that the party is not a state body but a national organization, whose representative is the national Democratic convention. No such convention, so it is said, has resolved to exclude negroes from membership. We have no occasion to determine the correctness of the position, since even if true it does not tend to prove that the petitioner was discriminated against or denied any right to vote by the State of Texas. Indeed, the contention contradicts any such conclusion, for it assumes merely that a state convention, the representative and agent of a state association, has usurped the rightful authority of a national convention which represents a larger and superior country-wide association.

We find no ground for holding that the respondent has in obedience to the mandate of the law of Texas discriminated against the petitioner or denied him any right guaranteed by the Fourteenth and Fifteenth Amendments.

*Judgment affirmed.*