## SMITH v. ALLWRIGHT et al.

### No. 10382.

Circuit Court of Appeals, Fifth Circuit.

Nov. 30, 1942.

Rehearing Denied Jan. 21, 1943.

594

Thurgood Marshall, of New York City, and W. J. Durham, of Sherman, Tex., for appellant.

Glenn A. Perry, of Houston, Tex., for appellees.

Arthur J. Mandell, of Houston, Tex., and Arthur Garfield Hays, of New York City, amicus curiae for appellant.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

The appellant Lonnie E. Smith sued the appellees because they denied him the privilege of voting at a Democratic Primary and a run-off election in Texas held July 27, 1940, and Aug. 24, 1940, for the choice of candidates for United States Senator and Congressman, for Governor of the State, and other State officers, asking a declaration of his right to vote, and for $5,000 damages. The facts are stipulated and include these: Appellant is a native citizen qualified to vote under the State laws for the officers above mentioned, but is a colored person. He believes in Democratic principles and has never voted for the candidates of any other party. He was not allowed to vote in the primary because of his color, the State Democratic Party in convention assembled having in 1932 resolved that only white citizens of the State qualified to vote shall be eligible to membership and to participate in the party's deliberations. With two exceptions, Democratic nominees for Congress, Senate and Governor have been elected in Texas since 1859. The principal question is whether the primary, held under the provisions of the State statutes, is an election in which this voter has a right to vote by virtue of the provisions relating to voters of the Federal and State Constitutions, or is a mere party procedure, participation in which may be controlled by the party holding it. The trial court thought Grovey v. Townsend, 295 U.S. 45, 55 S.Ct. 622, 79 L.Ed. 1292, 97 A.L.R. 680, controlling and dismissed the petition. This appeal followed.

The Texas statutes regulating party primaries which were considered in Grovey v. Townsend are still in force. They were held not to render the primary an election in the constitutional sense. There is no substantial difference between that case and this. It is argued that different principles were announced by the Supreme Court in United States v. Classic, 313 U.S. 299, 301, 61 S.Ct. 1031, 85 L.Ed. 1368. The latter was a criminal case from Louisiana, and did not involve the Texas statutes. It differs in many points from this case. The opinion of the court in that case did not overrule or even mention Grovey v. Townsend. We may not overrule it. On its authority the judgment is

Affirmed.