INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Appellants,

v.

M. E. SANDSBERRY, Jr. et al., and Gulf, Colorado & Santa Fe Railway Company et al., Appellees.

No. 6437.

Court of Civil Apeals of Texas.

Amarillo.

Nov. 15, 1954.

Rehearing Denied Dec. 13, 1954.

778

Schoene & Kramer, Washington, D. C., Mulholland, Robie & Hickey, Toledo, Ohio, Mullinax & Wells, Dallas, Tex., for appellants.

Simpson, Clayton & Fullingim, Amarillo, for M. L. Sandsberry, Jr., and others.

J. C. Gibson, R. S. Outlaw, Wm. J. Milroy, C. G. Niebank, Jr., Chicago, Illinois, A. J. Folley, Amarillo, Preston Shirley, Galveston, for Gulf, Colorado and Santa Fe R. Co., and others for appellees.

MARTIN, Justice.

This cause of action involves the constitutionality of Title 45 U.S.C. § 152, Eleventh, 45 U.S.C.A. § 152, subd. 11. The provisions of the Act essential to a determination of this appeal are as follows:

"Eleventh. Notwithstanding any other provisions of this chapter, or of any other statute or law of the United States, or Territory thereof, or of any State, any carrier or carriers as defined in this chapter and a labor organization or labor organizations duly designated and authorized to represent employees in accordance with the requirements of this chapter shall be permitted—

"(a) to make agreements, requiring, as a condition of continued employment, that within sixty days following the beginning of such employment, or the effective date of such agreements, whichever is the later, all employees shall become members of the labor organization representing their craft or class: * * *

"(d) Any provisions in paragraphs Fourth and Fifth of this section in conflict herewith are to the extent of such conflict amended."

Subsections Fourth and Fifth provide in essence that "No carrier, its officers, or agents shall require any person seeking employment to sign any contract or agreement promising to join or not to join a labor organization; * * *."

It is readily apparent that if Section 152, Eleventh is unconstitutional, it does not effect a repeal or amendment of said subsections Fourth and Fifth. Therefore, such subsections of the Act prohibiting a carrier from requiring its employees to sign any contract or agreement promising to join or not to join a labor organization would be in full force and effect. It would necessarily follow that an injunction would issue to prevent the appellants from violating the rights assured to non-union employees by such Act of Congress. It would also necessarily follow that if Section 152, Eleventh is a valid exercise of the commerce power within the limits of the Constitution, that such an injunction should not issue. These considerations define the issue on appeal. Counsel for appellants repeatedly refers to the issue in this cause as one involving "union security". Only a casual survey of the acts of Congress and of the pertinent decisions of the Supreme Court of the United States on this issue should wholly dispel any fear entertained by appellants' attorney as to loss of "union security". The ultimate issue in this cause of action is whether the unions under the provisions of Section 152, Eleventh, by collective bargaining, may require the execution of a closed shop contract between the unions and the Santa Fe—which contract will require the discharge of all non-union employees who do not join and remain members of the union.

It is apparent from the record, as found by the jury, that the unions following the enactment of Section 152, Eleventh, unless restrained by injunction, were about to resort to economic force upon the Santa Fe

for the purpose of compelling it to sign a union shop agreement. Such a contract would require Gulf, Colorado & Santa Fe Railway Company and the other appellee railroads, hereinafter referred to as Santa Fe, to discharge all non-union employees who did not join and remain members of a union. The appellees in this cause, other than the Santa Fe, are twelve employees of the Santa Fe who, acting for themselves and on behalf of all other employees similarly situated, brought a suit in the trial court to restrain the Santa Fe and the sixteen non-operating railway unions from entering into such closed shop agreement. They also sought to restrain the Unions from striking or using other economic force to compel the Santa Fe to enter into such contract. These twelve non-union employees of the Santa Fe will be referred to herein as plaintiffs. Although named as a defendant in the suit, the Santa Fe joined the plaintiffs in seeking relief against the defendant Unions, appellants in the cause and designated herein as the Unions.

The case was tried before a jury and all findings of fact by the jury, other than the answers to Special Issues Nos. 7 (a) and 12(c), are supported by sufficient evidence in the record. Under the jury's finding in answer to Issue No. 7 that a union shop agreement would not substantially interfere with the Santa Fe's procuring of desirable new employees, it necessarily follows as to Issue No. 7(a) that the Santa Fe would not, in reasonable probability, suffer irreparable injury by the signing of the union shop agreement—which fact is contrary to the jury finding that the Santa Fe would suffer irreparable injury by the signing of the agreement. There is no evidence of probative force that a strike would result in irreparable injury to the public as found under Issue No. 12(c). The jury findings support appellees' contention as to facts proven in the trial of the cause. However, the fact findings of the jury are not controlling in the cause as the appeal is determined by the application of established principles of law.

After the return of the jury verdict in the cause, the trial court ruled upon the issues briefly outlined above and entered a declaratory judgment that Section 152, Eleventh, was unconstitutional and void because the same violated the First, Fifth, Ninth, Tenth and Thirteenth Amendments to the Constitution of the United States. The trial court also ruled that the above Congressional Act had no substantial relationship to interstate commerce under the provisions of Clause 3, Section 8, of Article 1 of the Constitution of the United States. Following such action, the trial court found that the issue in the cause was governed by Article 5207a, Vernon's Texas Civil Statutes, generally known as the Texas "Right-To-Work" statute. The court issued a very comprehensive permanent injunction against the Unions which in essence restrained them from entering into a closed shop agreement with the Santa Fe and from striking or using other action to enforce the execution of such an agreement. The Unions appealed from this judgment of the trial court. Appellees' brief is presented on behalf of the Santa Fe and the Plaintiffs.

This appeal may be resolved by a correct application of the principles of law governing the rulings of the trial court as outlined above. This will also effect a final ruling on the various issues raised under appellants' points of error and appellees' counter-points.

Appellant Unions' Point 1–A asserts that the trial court erred in ruling that Section 152, Eleventh, was an invalid exercise of the commerce power. Section 152, Eleventh, is a valid exercise of the commerce power as established by numerous decisions of the Supreme Court of the United States. Texas & New Orleans Railroad Co. v. Brotherhood of Railway & Steamship Clerks, 281 U.S. 548, headnotes 11, 12 and 13, 50 S.Ct. 427, 74 L.Ed. 1034; Virginian Railway Company v. System Federation No. 40, Railway Employees Department of the American Federation of Labor, etc., 300 U.S. 515, headnotes 8, 9 and 10, 57 S.Ct. 592, 81 L.Ed. 789; Brotherhood

of Railroad Shop Crafts of America, Rock Island System, Grand Lodge No. 3 v. Lowden, 10 Cir., 86 F.2d 458, 108 A.L.R. 1128; U. S. v. Carolene Products Company, 304 U.S. 144, headnotes 1, 2, 3, 4 and 5, 58 S.Ct. 778, 82 L.Ed. 1234.

 Appellant Unions by Point 1-B and C assert that the trial court erred in ruling that Section 152, Eleventh, was void in that it violated the First, Fifth, Ninth and Tenth Amendments to the Federal Constitution. The controlling principle as to this issue is presented in appellees' brief, "It is well settled that the first ten Amendments to the Constitution are a check only on the the activity of Congress and are not limitations on purely private action. Corrigan v. Buckley, 1926, 271 U.S. 323, 330, 46 S.Ct. 521, 70 L.Ed. 969. * * * In this case, therefore, decision of the constitutional questions raised under the First, Fifth, Ninth and Tenth Amendments requires, as a condition precedent, that 'governmental action' be found." The issue as to "governmental action" is best expressed by the further statement found in appellees' brief; "The condition is satisfied by a showing that private parties have been aided 'in some way' by 'government's thumb on the scales'". The record has been examined with care as to the issue of governmental action as defined above. This Court can only rule on the expressions of Congress as incorporated in its various legislative acts and the Court is bound by the rulings of the Supreme Court of the United States interpretating such acts of Congress. An examination of the Congressional Act here in issue in the light of many rulings by the Supreme Court of the United States precludes a finding that governmental action was taken on behalf of the unions by congressional enactment of Section 152, Eleventh. Section 152, Eleventh, is not in the contravention of the First, Fifth, Ninth and Tenth Amendments to the Constitution. Otten v. Baltimore & O. R. Co., 2 Cir., 205 F.2d 58; Corrigan v. Buckley, 271 U.S. 323, 46 S.Ct. 521, 70 L.Ed. 969; Grovey v. Townsend, 295 U.S. 45, 55 S.Ct. 622, 79 L.Ed. 1292; American Communications Association, C.I.O. v. Douds (United Steel-

workers of America v. National Labor Relations Board), 339 U.S. 382, at page 402, 70 S.Ct. 674, 94 L.Ed. 925; National Federation of Railway Workers v. National Mediation Board, 71 App.D.C. 266, 110 F.2d 529, Syl. 17-19; Courant v. International Photographers of Motion Picture Industry Local 659, 9 Cir., 176 F.2d 1000, syl. 2; Virginian Railway Company v. System Federation No. 40 etc., supra; American Federation of Labor v. American Sash & Door Co., 335 U.S. 538, 550, 69 S.Ct. 258, 93 L.Ed. 222.

 Section 152, Eleventh, does not contravene the proscription against involuntary servitude as set forth in the Thirteenth Amendment to the Constitution of the United States. As pointed out hereinabove, no governmental action is involved as to the execution of a closed shop contract between the unions and the Santa Fe. Under the Congressional Act, as revealed by its language, it is *permissive* for the Santa Fe and the Unions to execute a closed shop contract. (Emphasis added.) The ultimate execution of the contract as to a closed shop is thus left subject to collective bargaining between the Unions and the Santa Fe. On the issue as to a closed shop, it must be observed that prior to the enactment of Article 5207a, Vernon's Texas Civil Statutes, supra, it was expressly decreed by the courts of Texas that an employer and union contract as to a closed shop was not void as against public policy. It does not appear that such decisions have been ruled invalid as contrary to the Thirteenth Amendment of the Federal Constitution. Underwood v. Texas & P. R. Co., Tex.Civ.App., 178 S.W. 38; Harper v. Local Union No. 520, International Brotherhood of Electrical Workers, Tex.Civ.App., 48 S.W.2d 1033; San Angelo v. Amalgamated Meat Cutters & Butchers Workmen of North America, Local 103, Tex.Civ. App., 139 S.W.2d 843.

 The rulings hereinabove made bring in issue a further principle of law governing this cause of action. Section 152, Eleventh, permits the making of a closed shop agreement "Notwithstanding

any other provisions of this chapter, or of any other statute or law of the United States, or Territory thereof, or of any State, * * *". As Section 152, Eleventh is a valid exercise of the commerce power in regulating labor relations between the Unions and the Santa Fe operating in interstate commerce, the amendment is valid and controlling in this field and supersedes any state legislation in the same field and contrary thereto, to-wit: Article 5207a, Section 1, supra and Art. 7428–1, Vernon's Texas Civil Statutes. New York Central Railroad Company v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045; Wichita Falls & Southern R. Co. v. Lodge No. 1476, International Ass'n of Machinists, Tex.Civ.App., 266 S.W.2d 265, Syl. 6 (error refused-no reversible error); Brotherhood of Railroad Trainmen v. Owens, 165 S.W.2d 128; Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local 941.v. Whitfield Transportation, Inc., Tex., 273 S.W.2d 857.

■ One other issue must be discussed as the same is essential to a correct disposition of the appeal. It is a recognized principle and appellees concede in their brief that "Union leaders have argued and the courts have quite properly held that it is a 'fundamental' right of man to organize and bargain collectively with their employer—a right which exists separately and apart from legislation." (Citing authorities.) Therefore, since collective bargaining is not only a fundamental right but is one also permitted by congressional enactment—Section 152, Eleventh, the Unions and Santa Fe may not be enjoined from the exercise of such valid and legal right of collective bargaining. Nor can the Unions be enjoined from striking to procure their asserted rights which are subject to collective bargaining. This is an established principle of law under the theory of collective bargaining even though, as found by the jury in answer to Issue 12(b), such a strike would result in irreparable injury to Santa Fe. If the right of collective bargaining be conceded, which right is established beyond controversy and is conceded by appellees, it follows. logically that the essential moving force behind effective bar-

gaining is the ever present and imminent threat of irreparable injury to one of the bargaining parties. To enjoin collective bargaining under the theory that it threatens irreparable injury to one or more of the parties concerned is to wholly destroy the right of collective bargaining. Harper v. Local Union No. 520, International Brotherhood of Electrical Workers, supra, Syl. 5 and 6; Cline v. Insurance Exchange of Houston, Tex.Civ.App., 154 S.W.2d 491, Syl. 4–12; affirmed 140 Tex. 175, 166 S.W.2d 677.

Under the principles discussed hereinabove, appellants' Point 1, Sections A, B, C and D, and Points 3, 7 and 8 must be sustained. Appellants' Points 2–A and B, 4, 5 and 6 are overruled as such issues become immaterial under the above rulings.

The judgment of the trial court is reversed and judgment is rendered for appellants. The injunction granted by the trial court is dissolved.