No. 81–353. SPRADLING *v.* TEXAS; and DUNN *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

On September 4, 1980, two women, Vicki Rash Norvell and Bobby Folks Rash, while walking together, were killed by the driver of a hit-and-run automobile. Petitioner Spradling later identified himself as the driver and two indictments were presented against him on October 1, 1980. The first charged Spradling with failing to stop and render aid to Vicki Rash Norvell, a felony under Texas law. The second indictment, in identical language, charged Spradling with failing to stop and render aid to Bobby Folks Rash. Spradling was

---

[4] Pet. for Cert. 25.

convicted by a jury under the first indictment. The jury assessed as punishment a 5-year prison sentence and a fine of $5,000, and recommended that, in light of the fact that petitioner had never before been convicted of a felony, his prison sentence be suspended. Now the State seeks to prosecute Spradling under the second indictment.

Petitioner moved to dismiss this second indictment claiming former jeopardy. The trial court denied the motion and the Texas Court of Criminal Appeals denied leave to file an application for a writ of prohibition.

Petitioner presents two questions for review. First, he argues that the failure of the State of Texas to afford him review of the trial court's denial of his motion to dismiss for reason of former jeopardy violates the due process and equal protection guarantees of the Fourteenth Amendment. Second, petitioner argues the "merits" of his double jeopardy claim were improperly rejected by the trial court. In my view both questions are substantial and merit review by this Court.

I

Texas procedure provides no mechanism for interlocutory review in criminal cases;[1] petitioner was therefore unable to appeal the denial of his motion to dismiss on the ground of double jeopardy. It is clear that in most applications the Texas procedural rule barring interlocutory review raises no federal constitutional issue. But as applied to claims of former jeopardy, this procedural rule, in combination with a denial by the Texas Court of Criminal Appeals of leave to file an application for a writ of prohibition, denies criminal defendants the opportunity to protect, through the state appellate system, their constitutional rights. I believe this raises an issue worthy of our consideration.

We held in *Abney* v. *United States*, 431 U. S. 651 (1977), that a double jeopardy claim is by its very nature collateral

---

[1] See, *e. g., Williams* v. *State*, 464 S. W. 2d 842, 844 (Tex. Crim. App. 1971).

to, and separable from, the guilt of the accused, and that when a trial court rejects a motion to dismiss on the grounds of former jeopardy this order is final and appealable under 28 U. S. C. § 1291. The rationale for our decision in *Abney* was, in part, that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Id.*, at 660. This is because the Clause stands, in part, as "a guarantee against being twice put to *trial* for the same offense." *Id.*, at 661 (footnote omitted).

Respondent argues that in *Abney* the Court merely exercised its supervisory powers over federal criminal prosecutions, and that there is no constitutional right to pretrial review of a claim that a second trial will violate the Double Jeopardy Clause. It is true that the Court had no need to reach the constitutional question presented in the instant case when it decided *Abney*, but the Court's recognition in *Abney* that double jeopardy claims not considered prior to trial are rendered, in significant part, moot surely has significant constitutional overtones. We have never held that the Federal Constitution requires that a State provide appellate review. But once such review is provided, it may not be denied arbitrarily without violating the Equal Protection Clause. See, *e. g., Douglas* v. *California*, 372 U. S. 353 (1963). See also *Monger* v. *Florida*, 405 U. S. 958, 959–960 (1972) (Douglas, J., dissenting). Fundamental precepts of due process require a right to be heard "at a meaningful time" before suffering a grievous loss. *Armstrong* v. *Manzo*, 380 U. S. 545, 552 (1965). Accord, *Mathews* v. *Eldridge*, 424 U. S. 319, 333 (1976). Thus, there is surely a good deal of force to petitioner's argument that, if the State provides for appeals to protect other constitutional rights, it runs afoul of the Federal Constitution when it fails to give the same meaningful consideration to a defendant asserting his right not to be subjected to a second trial for the same offense. See Alexander, Interlocutory Appellate Review of

Double Jeopardy Claims: A Method for Testing Evidentiary Sufficiency After a Non-Final Criminal Proceeding, 44 Tex. Bar J. 11, 15 (1981).[2]

## II

Even if the Court declined to review the constitutionality of the Texas Court of Criminal Appeals' failure to provide review, it is clear to me that the trial court's order denying petitioner's motion to dismiss on the ground of former jeopardy is reviewable by this Court under 28 U. S. C. § 1257(3).[3] Under this Court's precedents, the refusal to dismiss a criminal indictment prior to trial when the indictment is challenged on the grounds of former jeopardy is a final judgment under 28 U. S. C. § 1257. "Since the state courts have finally rejected a claim that the Constitution forbids a second *trial* of the petitioner, a claim separate and apart from the question whether the petitioner may constitutionally be *convicted* of the crimes with which he is charged, our jurisdiction is properly invoked under 28 U. S. § 1257." *Harris* v. *Washington,* 404 U. S. 55, 56 (1971). Cf. *Abney, supra.* Where, as here, the trial court's judgment is not reviewable by any state appellate court the judgment has been rendered by "the highest state court in which a decision may be had" within the meaning of § 1257. *Grovey* v. *Townsend,* 295 U. S. 45, 47

---

[2] Of course, the Texas Court of Criminal Appeals' rejection of petitioner's double jeopardy claim does not rest on an adequate state ground if, as petitioner contends, the Texas procedure is incompatible with the Federal Constitution.

[3] The fact that petitioner seeks a writ of certiorari to the Texas Court of Criminal Appeals is, of course, no bar to our treating the papers as a petition for a writ of certiorari to the Texas trial court. See, *e. g., Callender* v. *Florida,* 383 U. S. 270 (1966) *(per curiam).* The petition was not filed within 60 days of the entry of the trial court's order but in view of the fact that petitioner understandably attempted to obtain review, prior to seeking review in this Court, in the state courts through the only route available—an extraordinary writ—I would waive the nonjurisdictional time limits for filing petitions in criminal cases set by Supreme Court Rule 20.

(1935).  See, *e. g.*, *Thompson* v. *Louisville*, 362 U. S. 199, 202–203 (1960).[4]

In my view, the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires that, except in extremely limited circumstances, not present here, "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction" be prosecuted in a single proceeding. *Ashe* v. *Swenson*, 397 U. S. 436, 453–454, and n. 7 (1970) (BRENNAN, J., concurring).  See *Thompson* v. *Oklahoma*, 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein.  Spradling's striking and failing to render aid to the two women was but a single act—the accident and its aftermath a single occurrence.  I would therefore reverse the judgment of the Texas trial court.

Accordingly, I respectfully dissent from the denial of the petition for certiorari and would set the case for oral argument.[5]

---

[4] If we treat the papers as a petition for a writ to the trial court, there would be no need to even consider whether the state appellate court's refusal to consider the merits of petitioner's federal claim because of a rule of state procedure is a bar to review by this Court.  Cf. *Henry* v. *Mississippi*, 379 U. S. 443 (1965).  Cf. also n. 2, *supra*.

[5] The petition for certiorari was filed jointly on behalf of Spradling and a second petitioner, Dunn, who was tried on drug charges in an unrelated trial.  Following his acquittal, Dunn was tried on a different charge arising from the "same transaction."  Dunn also unsuccessfully sought leave to file an application for a writ of prohibition in the Texas Court of Criminal Appeals to obtain review of his double jeopardy claim prior to a second trial. But the record in this case indicates that Dunn was convicted on the second charge on November 16, 1981, after this petition was filed.  Record 42. Thus, it appears that the Texas appellate courts would now review Dunn's double jeopardy claim and should do so in the first instance.