MADDOX, Justice
(concurring specially).
I concur with the opinion in its holding that the plan instituted by the appellees does not violate the provisions of Ala.Code 1975, § 17-7-17, but I point out, as I stated in a dissent in Ex parte Graddick, 495 So.2d 1367, 1376 (Ala.1986), that there is a question whether the Alabama Democratic Party should be allowed to enforce its rules unless it can show compliance with the Alabama Administrative Procedure Act, Ala.Code 1975, § 41-22-1 et seq., especially the provisions of § 41-22-6(b), which require the filing “in the office of the legislative reference service ... [of] a certified copy of each rule adopted by [an agency], including all rules, as defined in this chapter, existing on the effective date of this act.”
As I view it, however, the validity vel non of the “anti-crossover” rule is not squarely presented in this case, because this case does not present a factual situation in which an elector is prohibited from voting in the upcoming June 7 primary because election officials enforce the provisions of the “anti-crossover” rule.
In my dissenting opinion in Ex parte Graddick, supra, I stated that the reason I thought the party had to comply with the provisions of the Administrative Procedure Act was because it was granted the power to make rules that have the force and effect of law.[1]
In Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944), the Supreme Court of the United States struck down the so-called “white primaries,” in which black voters were excluded from participation in party primaries, stating, in part, as follows:
*762 “We think that this statutory system for the selection of party nominees for inclusion on the general election ballot makes the party which is required to follow these legislative directions an agency of the State insofar as it determines the participants in a primary election. The party takes its character as a state agency from the duties imposed upon it by state statutes; the duties do not become matters of private law because they are performed by a political party....
“The privilege of membership in a party may be, as this Court said in Grovey v. Townsend, 295 U.S. 45, 55, [55 S.Ct. 622, 626, 79 L.Ed. 1292], no concern of a State. But when, as here, that privilege is also the essential qualification for voting in a primary to select nominees for a general election, the State makes the action of the party the action of the State.”
Id. at 321 U.S. at 663-64, 64 S.Ct. at 765 (emphasis added).
The right of an elector to vote in any election, primary or otherwise, is a valuable and cherished right that cannot constitutionally be denied an individual, except in accordance with law. On the other hand, a state may facilitate the effective operation of the democratic process by classifying voters or candidates according to party affiliation, and political parties have broad powers to establish the qualifications of their members. Ray v. Blair, 343 U.S. 214, 72 S.Ct. 654, 96 L.Ed. 894 (1952).
Any party rule, such as the so-called “anti-crossover” rule, that plays a vital role in the election of state constitutional officers and other public officers, should have wide distribution and should be. readily available to those affected by its provisions —the voters themselves. That is why I thought that the rules adopted by a political party for the conduct of primary elections, which have the force and effect of law, were required to be made a part of the Administrative Code. As I stated in my dissent in Ex parte Graddick, the failure of the legislature to exempt political parties from the requirements of the Administrative Procedure Act may have been a result of legislative oversight, but the legislature has convened since I authored my dissent in Ex parte Graddick, and there has been no change in the law. The requirements of § 41-22-4 are clear:
“(a) In addition to the other rulemak-ing requirements imposed by law, each agency shall:
“(1) Adopt as a rule a description of its organization, stating the general course and method of its operations and the methods whereby the public may obtain information or make submissions or requests;
“(2) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available, including a description of all forms and instructions used by the agency;
“(3) Make available for public inspection and copying, at cost, all rules and all other written statements of policy or interpretations formulated, adopted or used by the agency in the discharge of its functions;
“(4) Make available for public inspection and copying, at cost, and index by name and subject all final orders, decisions, and opinions which are issued after October 1, 1982, except those expressly made confidential or privileged by statute or order of court.
“(b) No agency rule, order, or decision shall be valid or effective against any person or party nor may it be invoked by the agency for any purpose until it has been made available for public inspection and indexed as required by this section and the agency has given all notices required by section 41-22-5. This provision is not applicable in favor of any person or party who has actual knowledge thereof, and the burden of proving such knowledge shall be on the agency.”
Because of the foregoing, I concur specially. I should not be understood as stating that the “anti-crossover” rule is invalid, only that there is a question concerning its validity. There could be a question of the validity of the Alabama Administrative Procedure Act itself if it changes a voting procedure and has not been precleared under the provisions of the Voting Rights Act of 1965, § 5, 42 U.S.C.A, § 1973c. Further *763 more, the party, in the event of a challenge to the rule, might be able to prove actual notice on the part of each voter who might be excluded from participation in the upcoming primary because of the enforcement of the rule by election officials. See § 41-22-4, supra.

. When I was researching the law in connection with the case of Ex parte Graddick, I could not locate a copy of the "anti-crossover” rule in the Supreme Court and State Law Library, so I requested that the Library obtain a copy of all the Rules of the Alabama Democratic Party that had been adopted at that time. The language of the "anti-crossover” rule, as it is quoted in the main opinion, comes from the copy of the rules that was filed in the Library at my request. As I pointed out in a footnote in Ex parte Graddick, I attempted to locate the rules in the Alabama Administrative Code. Because I believe that any rule adopted by a political party pursuant to the grant of a part of the legislative power of the state should be made a part of the Administrative Code, unless the legislature has specifically exempted the "agency” from the requirements of the Act, I cannot take judicial notice of the rules, as was the case before the adoption of the Act. See State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943) (judicial notice will be taken of rules and regulations of an administrative board where a statute referring to such rules and regulations expressly declares that they shall have the force and effect of law).